IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST DANIEL MEDINA,

    Plaintiff,                    No. 2: 11-cv-2240 DAD P

    vs.

JAMAL J. SINGH, et al.,

    Defendants.             ORDER AND

                                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a first amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.

        I. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

        On July 19, 2012, plaintiff filed a motion for leave to amend to file a second amended complaint. (Dkt. No. 30.) To date, defendants have not responded to plaintiff's motion for leave to amend.[1] Accordingly, the defendants will be ordered to show cause within twenty-one days of the date of this order why plaintiff's motion for leave to amend to file a second

---

[1] Defendants filed a motion to dismiss the first amended complaint on September 14, 2012. Among the arguments that defendants advanced in their motion to dismiss is that plaintiff's first amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. (See Dkt. No. 33.)

amended complaint should not be granted.

## II.  MOTION FOR DEFAULT JUDGMENT

Plaintiff also filed a motion for default judgment on August 3, 2012.  Obtaining a default judgment in federal court is a two-step process.  See Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting the two-step process of entering a default and entering a default judgment); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").  First, the party seeking such a judgment must obtain an entry of default.  This step is governed by Federal Rule of Civil Procedure 55(a) which provides as follows:

> Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Second, after default is entered, the party seeking default judgment may request entry of such judgment in one of two ways.  See Fed. R. Civ. P. 55(b).  The party may request entry of default judgment by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made by computation."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

Because there is a two-step process for obtaining a default judgment, courts routinely deny motions for default judgment where default has not been previously entered.  See Leubner v. County of San Joaquin, Civ. No. 08-0853, 2012 WL 530192, at *1 (E.D. Cal. Feb. 17, 2012) (citing Marty v. Green, Civ. No. 11-1823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011)); Norman v. Small, Civ. No. 09-2233, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999)), report and recommendation adopted by, 2012 WL 895430 (E.D. Cal. Mar. 15, 2012).  In this case, plaintiff did not request or obtain a clerk's entry of default against the defendants.  Accordingly, plaintiff's motion for default judgment is not well-supported and should be denied.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has also filed a motion for summary judgment. (See Dkt. No. 34.) Federal Rule of Civil Procedure 56(a) provides as follows with respect to a motion for summary judgment:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material issue of fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Discovery has not yet commenced in this case. Indeed, as noted above, defendants have filed a motion to dismiss plaintiff's first amended complaint and that motion is still currently pending before the court. Thus, Plaintiff's motion for summary judgment is premature at this time and will be denied without prejudice.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are ordered to show cause within twenty-one (21) days of the date of this order why plaintiff's motion for leave to file a second amended complaint should not be granted;

2. Plaintiff's motion for summary judgment (Dkt. No. 34.) is denied without prejudice as premature; and

3. The Clerk of Court is directed to randomly assign a United States District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (Dkt. No. 31.) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1:dpw
medi2240.defaultj.osc