1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERNEST DANIEL MEDINA

11              Plaintiff,                    No. 2:11-cv-2240 WBS DAD P

12        vs.

13   JAMAL J. SINGH, et al.

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff, an inmate proceeding pro se from the Kern County Jail, has filed this

17   civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that while he was

18   housed at the California Medical Facility in Vacaville, he was denied a kosher diet in violation of

19   his right to free exercise of religion under the First Amendment.  On April 25, 2012, the court

20   found that service of the first amended complaint was appropriate on defendants Singh and

21   Horgan.  (Docket No. 14.)  On June 22, 2012, the court ordered the U.S. Marshal to serve the

22   first amended complaint on those defendants.  (Docket No. 21.)  Then, on July 19, 2012, before

23   the defendants had answered or otherwise responded to the first amended complaint, plaintiff

24   filed a motion for leave to file a second amended complaint.  (Docket No. 30.)  Instead of

25   responding to that motion, defendants responded to the first amended complaint, which was still

26   the operative complaint at the time, with a motion to dismiss on September 6, 2012.  (Docket No.

                                              1

33.)  By November 16, 2012, defendant had not in any way responded to the motion for leave to file a second amended complaint and the court ordered them to show cause why that motion should not be granted.  (Docket No. 37.)

Defendants have responded to the order to show cause, stating that the motion for leave to amend should be denied because the proposed amendments are futile – first, because plaintiff's proposed new claims are unexhausted and, second, because the defendants were at the relevant times employed by the California Department of Corrections and Rehabilitation (CDCR) while plaintiff was "under the control" of the Department of Mental Health.

A proposed amended complaint is futile if it would be immediately "subject to dismissal."  Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998).  Therefore the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  Miller v. Ryker-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988).  When the court analyzed plaintiff's first amended complaint and found that it passed the screening requirement of 28 U.S.C. § 1915A, it applied the same pleading standard of "facial plausibility" set by the decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  That is, the allegations passed the same test to which they would have been subjected had the court assessed them under Federal Rule of Civil Procedure 12(b)(6).  See Thompson v. Yates, No. 1:06-cv-00763-RCC, 2011 WL 1753149 at * 1 (May 6, 2011, E.D. Cal.).  Plaintiff's second amended complaint contains substantively similar, if not identical, claims that were the basis of the initial screening order.  Its factual allegations therefore pass that same test again.

Defendants' objections do not alter the court's view of the sufficiency of the plaintiff's factual allegations.  First, failure to exhaust administrative remedies is an affirmative defense, not a plaintiff's pleading requirement.  Therefore, the question of whether this plaintiff has failed to exhaust his claims prior to bringing suit is not to be determined by the allegations

of the second amended complaint unless those allegations concede a failure to exhaust.
Likewise, nothing about the defendants' status as employees of CDCR stands out as an absolute
bar to liability under the facts as pled by plaintiff.  The gravamen of the allegations set forth in
the second amended complaint is that defendants had control over plaintiff's diet and denied him
access to a kosher one.  If that is true, then defendants may be liable, regardless of the agency that
employed them.

Defendants have already averred these objections as the bases of their motion to
dismiss the first amended complaint.  Nonetheless, the court finds that the motion for leave to
file a second amended complaint is well taken and should be granted.  See Fed. R. Civ. P.
15(a)(2) (stating "[t]he court should freely give when justice so requires").  Granting the motion
for leave to file a second amended complaint will moot defendants' motion to dismiss the first
amended complaint.  Defendants shall respond to the second amended complaint in accordance
with the Federal Rules of Civil Procedure.

Finally, plaintiff seeks the appointment of counsel.  The United States Supreme
Court has ruled that district courts lack authority to require counsel to represent indigent
prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
certain exceptional circumstances, the court may request the voluntary assistance of counsel
pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to file a second amended complaint (Docket No.
30) is granted.  The proposed second amended complaint, attached to the motion, is accepted as
filed, effective July 19, 2012.  The Clerk of Court shall enter a separate filing of that date for the
Second Amended Complaint;

2.   Defendants' motion to dismiss the first amended complaint (Docket No. 33) is moot; and

3.   Plaintiff's motion to appoint counsel (Docket No. 36) is denied.

DATED: February 7, 2013.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

dad1.hm
medi2240.ord.wpd

4